IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

STEVEN J. HAYS                                                                 PLAINTIFF

        v.                         Civil No. 06-5135

HUMBOLDT COUNTY PROSECUTORS
OFFICE, Humboldt County, California;
THE GOVERNOR'S OFFICE OF THE
STATE OF CALIFORNIA; HUMBOLDT
COUNTY, CALIFORNIA; THE STATE
OF CALIFORNIA; BENTON COUNTY
SHERIFF'S OFFICE, Benton County,
Arkansas; BENTON COUNTY JAIL;
THE GOVERNOR'S OFFICE OF THE
STATE OF ARKANSAS; BENTON
COUNTY; and THE STATE OF ARKANSAS            DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Steven J. Hays proceeds pro se and in forma pauperis in this action. The complaint is before the undersigned for a determination of whether service of process should issue.

Because the court felt more information was needed on Hays' claims, the undersigned by order entered on July 31, 2006 (Doc. 4), directed Hays to complete, sign, and return a questionnaire that would serve as an addendum to his complaint. On September 5, 2006, Hays filed the addendum (Doc. 5).

### BACKGROUND

Hays was arrested on August 26, 2005, on a charge of being a felon in possession of a firearm. *Addendum* at ¶ 1(a). The arrest occurred near Siloam Springs, Arkansas. *Id.* at ¶ 1(b). The warrant for his arrest had been issued by the Humboldt Superior Court, Humboldt County, California, on August 25, 2005. *Id.* at ¶ 1(c) & 1(d).

-1-

Hays waived extradition. Hays appeared before the Humboldt Superior Court on January 23, 2006, and entered a plea of nolo contendere to a misdemeanor charge of possession of a firearm after having been convicted of a misdemeanor. *Addendum* at ¶ 2(a)-(d). He was sentenced to time served and released on January 23, 2006. *Id.* at ¶ 2(b) & 2(e). Hays returned to Arkansas on January 25, 2006. *Id.* at ¶ 3.

Hays alleges he was placed in double jeopardy when the Humboldt County Prosecutors Office had him re-arrested on the felon in possession charge on April 12, 2006, at his home in Gentry, Arkansas. *Addendum* at ¶ 4(a)-(b). Hays was arrested by the Benton County Sheriff's Office. *Id.* at ¶ 4(e). Although he does not know what court issued the arrest warrant and was not given a copy of the warrant, Hays asserts he saw the date on the face of the warrant was October 5, 2005. *Id.* at ¶ 2(c) & 2(d).

When Hays was arrested, he told Officer Calvecia that Hays believed the warrant was on the same charge he had already been sentenced on in California and that the sentence had been served. *Addendum* at ¶ 5. Officer Calvecia responded that there was nothing he could do. *Id.*

Hays was booked into the Benton County Jail following his arrest on April 12th between the hours of 5:00 and 7:00 p.m. *Addendum* at ¶ 6. Hays was released about twenty hours later on April 13th. *Id.*

Hays was able to get the warrant voided at some point during the morning hours on April 13th. *Addendum* at ¶ 7(a). He does not know who voided the warrant. *Id.* at ¶ 7(b). Hays was able to get the warrant voided because his wife called the public defender in California. *Id.* at ¶ 7(c).

AO72A
(Rev. 8/82)

Hays named the Governor's Office of the State of California as a defendant because the Governor signed the warrant. *Addendum* at ¶ 8. The State of California is named as a defendant because both the Governor and the Prosecutor's Office were acting for the State. *Id.* Humboldt County is named as a defendant because the Prosecutor's Office was acting on behalf of the County. *Id.* The Benton County Jail is named as a defendant because it facilitated the double jeopardy arrest. *Id.* The Governor's Office of the State of Arkansas is named as a defendant because the Governor signed the warrant. *Id.* Benton County is named as a defendant because the Sheriff's Office acted on behalf of the County. *Id.* The State of Arkansas is named as a defendant because the Sheriff's Office acted on behalf of the State. *Id.*

Hays contends all of the listed parties have violated the Constitution of the United States of America. As relief, he seeks compensatory and punitive damages against the defendants.

## DISCUSSION

To the extent the Benton County Sheriff's Office, the Benton County Jail, and Benton County are subject to suit under 42 U.S.C. § 1983, Hays' false arrest and false imprisonment claims fail because he was arrested and held pursuant to a facially valid arrest warrant. The Fourth Amendment guarantees individuals "the right 'to be secure in their persons . . . against unreasonable . . . seizures' of the person." *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). A facially valid arrest warrant insulates officers from a claim of false arrest. *Mendenhall v. Riser*, 213 F.3d 226, 231 (5th Cir. 2000). *See also Fair v. Fulbright*, 844 F.2d 567, 569 (8th Cir. 1988)("[A]n arrest executed pursuant to a facially valid warrant generally does not give rise to a cause of action under 42 U.S.C. § 1983 against the arresting officer.").

AO72A
(Rev. 8/82)

In this case, Hays has not alleged that any of the Benton County defendants were responsible for securing the warrant. *Mendenhall*, 213 F.3d at 231-32 ("While a valid arrest warrant would normally insulate officers against a claim for false arrest, in a case such as the one before us where the officers charged with false arrest were responsible for securing the warrant, we are required to test the validity of that warrant, applying the ususal standards."). Instead, Hays merely alleges the Benton County officials executed the warrant. *Brooks v. City of Winston-Salem*, 85 F.3d 178 (4th Cir. 1996)(Public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid arrest warrant). "The warrant itself . . . shields [defendants] from liability for executing it, unless a reasonably well-trained officer would have known that the arrest was illegal despite the magistrate's authorization." *Stigall v. Madden*, 26 F.3d 867, 869 (8th Cir. 1994).

Similarly, having acted pursuant to a facially valid warrant, defendants cannot be held liable for Hays' imprisonment in the Benton County Jail. *Patterson v. Von Riesen*, 999 F.2d 1235, 1240 (8th Cir. 1993)(noting courts have consistently held that officials–including sheriffs–acting pursuant to facially valid court orders have absolute quasi-judicial immunity from damages for actions taken pursuant to that order).

The Humboldt County Prosecutor's Office is not subject to suit under § 1983. It is not an entity subject to suit separate from the individual who is the county prosecutor. *See e.g., Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). However, even if the court were to construe the claim to be against the Humboldt County Prosecuting Attorney, the claim would nevertheless be subject to dismissal because the prosecuting attorney is immune from suit.

AO72A
(Rev. 8/82)

The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the Humboldt County Prosecuting Attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Humboldt County is named as a defendant only because of actions taken by the Prosecuting Attorney. As the Prosecuting Attorney is immune from liability, the governmental entity he or she serves cannot be held liable. *See e.g., White v. Moulder*, 30 F.3d 80 (8th Cir. 1994)(prosecutor and county entitled to absolute prosecutorial immunity for activities intimately associated with the judicial phase of the criminal process).

Hays' claims against the State of Arkansas, the Governor's Office of the State of Arkansas, the Governor's Office of the State of California, and the State of California are subject to dismissal. Neither a State nor its officials acting in their official capacities are persons capable of being sued under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

AO72A
(Rev. 8/82)

## CONCLUSION

Accordingly, I recommend that this case be dismissed on the grounds that the claims are frivolous and fail to state claims upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

**Hays has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Hays is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of October 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)